IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAFAEL J. PETITPHAIT, | ) | 8:11CV114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE PROGRESSIVE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 30, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 30, 2011, against one Defendant, The Progressive Corporation ("Progressive"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he was involved in a car accident on February 13, 2010, with one of Progressive's insured. (*Id.* at CM/ECF p. 2.) Progressive paid to repair Plaintiff's vehicle and "settled with the passengers that were in" Plaintiff's vehicle at the time of the accident. (*Id.*) Plaintiff did not settle because he wanted to reach "maximum recovery." (*Id.*) Progressive informed Plaintiff that they would not pay for treatment beyond 12 weeks, even though Plaintiff required treatment beyond that time. (*Id.* at CM/ECF pp. 2-3.)

As a result of Progressive's decision to discontinue paying for treatment, Plaintiff has suffered "emotional distress." Plaintiff alleges that Progressive does business in Nebraska but is "headquartered" in another state. Plaintiff requests

damages in the amount of $250,000.00." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of

citizenship" jurisdiction.[1]  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).  Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).  In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims."  *Id.* (quotation omitted).

Here, Plaintiff alleges that Progressive paid for at least 12 weeks of medical treatment and all of his car repairs.  (Filing No. 1.)  Thus, Plaintiff seeks relief *only* for "emotional distress."  (*Id.* at CM/ECF p. 5.)  The court has serious doubts regarding "whether the amount alleged is legitimate."  In accordance with *Trimble*, the court will require Plaintiff to show by a preponderance of the evidence that the amount claimed is legitimate, and that this court has subject matter jurisdiction.  This matter cannot proceed further until Plaintiff does so.

IT IS THEREFORE ORDERED that:

---

[1] Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction.  *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  Even liberally construed, Plaintiff does not bring his claims pursuant to federal question jurisdiction.

1. Plaintiff shall have until June 24, 2011, to file sufficient evidence with the court showing that the amount in controversy is greater than $75,000.00, the jurisdictional amount.

2. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: June 24, 2011: deadline for Plaintiff to show jurisdictional amount by preponderance of evidence.

DATED this 25th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.